UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-00947-1 |
| | § | |
| REBECCA VILLELA | § | |

## FINDINGS AND RECOMMENDATION
## ON PLEA OF GUILTY

United States District Judge Nelva Gonzales Ramos referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On December 5, 2013, the defendant appeared with counsel before the undersigned magistrate judge and was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

1.      The defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the defendant in a prosecution for perjury or for making a false statement;

2.      The defendant was advised that Count Two of the indictment charged a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), which makes it unlawful for any person knowingly and intentionally possess with intent to distribute more than one kilograms of heroin or a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance;

3.      The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt, that is the United States must prove beyond a reasonable doubt that (1) the defendant knowingly possessed a controlled substance; (2) the defendant possessed the substance with the intent to distribute it; and (3) the substance was in fact heroin or a mixture or substance containing

a detectable amount of heroin, a Schedule I controlled substance; and (4) the weight of the heroin or the mixture or substance containing a detectable amount of heroin was at least one kilogram; the defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to testify in the defendant's behalf or to remain silent.

      4.      The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent;

      5.      The defendant was advised that the minimum and maximum possible sentence included a minimum prison term of ten years and a maximum term of life in prison without probation, parole, or suspended sentence; the defendant was further advised that a fine of up to $10,000,000 could also be imposed; the defendant was further advised that after the prison sentence was served the defendant would be subject to a minimum supervised release term of five years and a maximum period of supervised release of life; if the defendant violated supervised release, the defendant could be required to return to prison for up to five more years; the defendant also was advised that even if she received the maximum five year sentence for violation of supervised release, if she had not completed her full term of supervised release, she could be re-released to supervised release, and if revoked again she could receive up to a five year sentence again; the defendant was advised that this could happen multiple times until she had completed serving her term of supervised release; the defendant also was advised that a mandatory $100 special assessment applied to this felony conviction; the defendant was also advised that if the District Judge imposed any fine, she could be required to pay community restitution up to the amount of the fine;

      6.      The defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); the defendant stated that she understood and had discussed with her attorney how the guidelines might be calculated in her case and applied to her;

      7.      The defendant was advised that conviction of this offense would cause her to lose certain rights she has as a citizen, such as the right to possess and own firearms, the right to vote, the right to serve on a jury, and the right to hold public office, and the defendant stated that she understood and had discussed these matters with her attorney; and

      8.      The defendant was advised that her written plea agreement with the United States included a promise that, in exchange for her plea of guilty to Count Two, the

United States would recommend maximum credit for acceptance of responsibility and a sentence of imprisonment within the applicable guideline range as decided by the District Court; the United States further agreed to move to dismiss Count One at sentencing; in addition, if the defendant had provided or did provide prior to sentencing, substantial assistance to the United States, the United States *may* move for a downward departure pursuant to U.S.S.G.§5K1 and commensurate with the value of the information provided; the defendant was further advised that the decision about whether to move for a downward departure was a decision solely in the discretion of the attorney for the United States, and the decision whether to grant such a motion rested with the sentencing judge;

The defendant was further advised that the plea agreement contained a waiver of her right to appeal and to file any petitions collaterally challenging her conviction; the defendant stated that she had discussed the appeal waiver with her attorney and she understood that she was knowingly waiving her right to appeal the conviction and sentencing decision of the District Court to a higher court unless the District Court *sua sponte* departed upward from the applicable guideline range or imposed a sentence that exceeded the maximum sentence, and that she was knowingly waiving her right to file a petition collaterally challenging her conviction; the defendant admitted that she understood she was also waiving her right to challenge an upward variance in her sentence.

The defendant stated that she had received a copy of the indictment and she understood the nature of the charge, the minimum and maximum possible penalty, and the consequences of pleading guilty. The defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the defendant a certain sentence. The defendant stated that she understood that if she did not receive the sentence hoped for, she could not withdraw her plea of guilty. The undersigned finds the defendant to be sufficiently competent to enter a plea of guilty.

The defendant pleaded guilty to the offense of possession with the intent to distribute more than one kilogram of a mixture or substance containing a detectable amount of heroin as charged in Count Two of the Indictment. The defendant admitted that the factual basis in support of the guilty plea, as recited by the United States Attorney, was correct.

The undersigned United States Magistrate Judge finds that defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## RECOMMENDATION

It is respectfully recommended that the District Court adopt the foregoing findings, accept the defendant's plea of guilty, and enter a finding that the defendant is guilty as charged in Count Two of the Indictment.

Respectfully submitted this 5th day of December, 2013.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).